## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. JFM-10-0798** |
| **ANTONIO BENJAMIN MARTINEZ** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SEARCHES OF
### 4409 MAINE AVENUE, 3RD FLOOR, GWYNN OAK, MARYLAND 21207 AND
### 7906 RESERVE CIRCLE, #201, WINDSOR MILL, MARYLAND 21244

The defendant, Antonio Martinez, through undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any and all tangible and derivative evidence obtained as a result of the searches conducted at 4409 Maine Avenue, 3rd Floor, Gwynn Oak, Maryland 21207 and 7906 Reserve Circle, #201, Windsor Mill, Maryland 21244, and in support of the motion alleges as follows:

1.    The defendant, Antonio Martinez, is charged with Attempted Murder of a Federal Official, in violation of 18 U.S.C. § 1114(3), and Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(3).

2.    These charges arise from an FBI undercover sting investigation that largely consisted of a series of meetings and telephone conversations between a confidential informant, acting at the direction of law enforcement, and Mr. Martinez.  While the government recorded virtually all of these conversations, it made a conscious decision not to record four of the first five meetings between the informant and Mr. Martinez.

3.    This failure by law enforcement authorities was done in a bad faith effort to insulate those early, critically important meetings from any scrutiny and to deprive the defense of essential

and potentially exculpatory evidence.

4.      By failing to record these crucial meetings between the informant and Mr. Martinez in bad faith, the government violated Mr. Martinez's Fifth Amendment right to due process, and his Sixth Amendment right to put on a complete defense.

5.      Between November 1, 2010, and December 8, 2010, the government recorded, or at least attempted to record, all subsequent meetings and conversations between the informant and Mr. Martinez.  When Mr. Martinez was arrested and interrogated by the FBI on December 8, 2010, however, the FBI made the choice to not record that interview, again in violation of Mr. Martinez's rights.

6.      On December 8, 2010, the same date of Mr. Martinez's arrest, law enforcement officials went to residences located at 4409 Maine Avenue, 3rd Floor, Gwynn Oak, Maryland 21207 and 7906 Reserve Circle, #201, Windsor Mill, Maryland 21244, where they sought and obtained signatures from Mr. Martinez's mother and father-in-law purporting to authorize law enforcement officials to conduct at least partial searches of these residences.  A number of items were seized during the execution of these searches that Mr. Martinez anticipates the government intends to introduce at trial.

7.      Because law enforcement officials learned of these residences and their possible association with Mr. Martinez through conduct that directly violated Mr. Martinez's constitutional rights, any evidence obtained as a result of those searches must also be suppressed.[1]

---

[1] It appears that the government targeted these residences primarily through the surveillance efforts of its confidential informant, whose selectively-recorded interactions with Mr. Martinez comprise the basis of the Motion to Dismiss the Indictment, which is incorporated herein by reference.  However, it appears that the confidential informant or another government agent, with the direct or tacit approval of the government, may also have violated Mr. Martinez's constitutional

8.      In addition, because information regarding possible residences associated with Mr. Martinez was derived from Facebook postings and his private communications with the government informant who was using a fictitious Facebook account, this evidence was also obtained in violation of federal law and the Fourth Amendment.  This information directly enabled law enforcement officials to immediately go to these homes and search them.  Any evidence obtained as a result of these searches must therefore be suppressed under the fruit of the poisonous tree doctrine.  *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).[2]

Respectfully submitted,

JAMES WYDA
Federal Public Defender

/S/

_____

JOSEPH A. BALTER          #04496
Deputy Federal Public Defender

_____

rights by engaging in improper data mining of Facebook and the utilization of a fictitious Facebook account to communicate with Mr. Martinez.  To the extent these violations may also have formed part of the means by which law enforcement officials targeted these two residences for searches, this provides an independent basis for suppression.  *See* Defendant's Motion to Suppress Evidence Resulting from Improper Data Mining and Utilization of Facebook, incorporated herein by reference.

[2] Mr. Martinez does not concede that the consent apparently given by the occupants of these residences was knowingly and voluntarily made.  To the extent that any consent was given based on references to unlawfully obtained information, or in the face of threatened search warrants based on the improperly obtained information, this would provide yet another independent and sufficient basis to suppress the evidence that came from 4409 Maine Avenue, 3rd Floor, Gwynn Oak, Maryland 21207 and 7906 Reserve Circle, #201, Windsor Mill, Maryland 21244.

/S/
_____
JULIE LEE BETH JOHNSON        #27746
Assistant Federal Public Defender

Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: joseph_balter@fd.org
        julie_johnson@fd.org

## MEMORANDUM OF POINTS AND AUTHORITIES

1.     Fourth Amendment to the United States Constitution.

2.     Fifth Amendment to the United States Constitution.

3.     Sixth Amendment to the United States Constitution.

4.     *Wong Sun v. United States*, 371 U.S. 471 (1963).


/S/
_____
JOSEPH A. BALTER        #04496
Deputy Federal Public Defender


/S/
_____
JULIE LEE BETH JOHNSON        #27746
Assistant Federal Public Defender