**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JFM-10-0798 |
| ANTONIO BENJAMIN MARTINEZ | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SAMSUNG TRACPHONE

The defendant, Antonio Martinez, through undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any and all tangible and derivative evidence obtained from Samsung Tracphone, serial number RQT29424594, then assigned number 410-236-3737, and in support of the motion alleges as follows:

1. The defendant, Antonio Martinez, is charged with Attempted Murder of a Federal Official, in violation of 18 U.S.C. § 1114(3), and Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(3).

2. These charges arise from an FBI undercover sting investigation that largely consisted of a series of meetings and telephone conversations between a confidential informant, acting at the direction of law enforcement, and Mr. Martinez. While the government recorded virtually all of these conversations, it made a conscious decision not to record four of the first five meetings between the informant and Mr. Martinez.

3. This failure by law enforcement authorities was done in a bad faith effort to insulate those early, critically important meetings from any scrutiny and to deprive the defense of essential and potentially exculpatory evidence.

4. By failing to record these crucial meetings between the informant and Mr. Martinez in bad faith, the government violated Mr. Martinez's Fifth Amendment right to due process, and his Sixth Amendment right to put on a complete defense.

5. Between November 1, 2010, and December 8, 2010, the government recorded, or at least attempted to record, all subsequent meetings and conversations between the informant and Mr. Martinez. When Mr. Martinez was arrested and interrogated by the FBI on December 8, 2010, however, the FBI made the choice to not record that interview, again in violation of Mr. Martinez's rights.

6. According to the government, during the course of these early, unrecorded meetings between the confidential informant and Mr. Martinez, the plan to bomb the Army recruiting center in Catonsville was developed. During the course of subsequent meetings and conversations, most of which were recorded, the confidential informant offered to buy a cellular telephone for Mr. Martinez, who did not own one at the time. One of the reasons for this, presumably, was to further facilitate the interactions between the informant and Mr. Martinez.

7. On December 15, 2010, law enforcement officials sought and obtained a search warrant for the cellular telephone its own agent had provided to Mr. Martinez, and evidence was obtained that Mr. Martinez anticipates the government intends to introduce at trial.

8. Because information from Mr. Martinez's Facebook postings and his private communications with the government informant was obtained in violation of federal law and the Fourth Amendment, it must be suppressed. This information directly led to subsequent telephone conversations and face-to-face meetings between Mr. Martinez and the informant, and ultimately the search warrant executed in this case. Any evidence obtained as a result of this search warrant must

therefore be suppressed under the fruit of the poisonous tree doctrine. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963). Finally, because the information obtained from Mr. Martinez's Facebook postings and communications, and the information obtained from his face-to-face meetings and telephone conversations with the informant, constituted almost all of the basis for the probable cause necessary to support the search warrant in this case, all evidence seized under the authority of those warrants must also be suppressed. *See, e.g., United States v. Karo*, 468 U.S. 705, 719 (1984) (information obtained in violation of Fourth Amendment would "invalidate the [search] warrant . . . if it proved to be critical to establishing probable cause for the issuance of the warrant"); *Segura v. United States*, 468 U.S. 796, 813-14 (1984) (evidence seized under search warrant must be suppressed unless warrant was based on information wholly unconnected to prior unconstitutional search); *United States v. Gillenwaters*, 890 F.2d 679, 681 (4th Cir. 1989) (information illegally obtained must be excised from warrant affidavit when assessing probable cause); *United States v. Hernandez Leon*, 379 F.3d 1024, 1027 (8th Cir. 2004) (sufficiency of warrant affidavit containing information from unlawful search is evaluated after deleting that information).

        Respectfully submitted,

        JAMES WYDA
        Federal Public Defender

        /S/
        _____
        JOSEPH A. BALTER    #04496
        Deputy Federal Public Defender

/S/
_____
JULIE LEE BETH JOHNSON        #27746
Assistant Federal Public Defender

Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: joseph_balter@fd.org
          julie_johnson@fd.org

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Fourth Amendment to the United States Constitution.

2. Fifth Amendment to the United States Constitution.

3. Sixth Amendment to the United States Constitution.

4. *United States v. Karo*, 468 U.S. 705 (1984).

5. *Segura v. United States*, 468 U.S. 796 (1984).

6. *Wong Sun v. United States*, 371 U.S. 471 (1963).

7. *United States v. Gillenwaters*, 890 F.2d 679 (4th Cir. 1989).

8. *United States v. Hernandez Leon*, 379 F.3d 1024 (8th Cir. 2004).


/S/
_____
JOSEPH A. BALTER       #04496
Deputy Federal Public Defender

/S/
_____
JULIE LEE BETH JOHNSON      #27746
Assistant Federal Public Defender