U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

---

Rod J. Rosenstein
United States Attorney

Christine Manuelian
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4852
MAIN: 410-209-4800
FAX: 410-962-9293
TTY/TDD: 410-962-4462
Christine.Manuelian@usdoj.gov

July 6, 2011

Joseph Balter
Deputy Federal Public Defender
100 S. Charles Street, Suite 1100
Baltimore, MD 21201

Re:   United States v. Martinez
      Criminal No. JFM-10-0798

Dear Joe:

With regard to your letter request dated June 20, 2011, below are my responses numbered in accordance with your letter:

1. Recording of the defendant's conversations with the confidential source began when it became apparent that the defendant was not simply spouting jihadi rhetoric, but was serious about his desire to harm military personnel, and thus, a potential threat. At that juncture, the defendant became a target of an FBI investigation and efforts were made to record all subsequent contacts with the confidential source. The complaint affidavit provides specific information regarding the unrecorded contacts with one exception, which was due to my oversight. There was an unrecorded interaction that occurred on October 30, 2010. As is the case with any criminal proceeding, government policies or directives regarding CHS/UC training, instructions or guidance are not discoverable under Rule 16. However, though our joint discovery agreement provides that all Jencks material will be turned over two weeks prior to trial, I am enclosing copies of the following Jencks materials for your review in the hopes that these materials will help resolve any issues you have regarding the initial stages of the investigation and aid in a possible disposition of the case:

a.   Handwritten notes by the confidential source of unrecorded contacts with the defendant bate-stamped 1581-85. These notes were provided to the case agent on December 2, 2010.

b.   E-mail exchanges during the course of the investigation between the confidential source and the case agent bate-stamped 1586-1781. The redactions reference e-mail addresses, information unrelated to this case, and/or information identifying the confidential source.

**Exhibit A**

Joseph Balter, DFPD
July 6, 2011
Page 2

      c.    Agent reports memorializing contacts with the defendant and referencing information provided by the confidential source bate-stamped 1782-1839. These reports have not been reviewed or adopted by the confidential source. There is a typo on two of the reports referencing activity that took place on "October 21." The information contained in those reports references the meeting with the defendant that took place on October 28 as reflected in the confidential source's handwritten notes. The redactions on the agent reports reference FBI administrative identifiers, information unrelated to the case, and/or information identifying the confidential source.

      d.    I have enclosed an excerpt from an investigative FBI report generated during the course of the investigation on November 3, 2010. The excerpt provides a brief summary of the recorded discussion between the defendant and the confidential source on November 1, 2010. As of this date, we have been unable to retrieve the conversation from the corrupted recording.

      2.    The defendant was not identified as a potential subject or target as a result of any government electronic surveillance or data mining operation.

      3.    The government did not use, set up, cause to be created, or provide a Facebook account for the confidential source to use, nor did it provide him with a fake identity. You have articulated no basis for obtaining information regarding the confidential source's Facebook account. In any event, the information you seek is not in the government's possession.

      Very truly yours,

      Rod J. Rosenstein
      United States Attorney

By: _____
      Christine Manuelian
      Assistant United States Attorney

Enclosures