```
 1            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
 2                     NORTHERN DIVISION

 3   UNITED STATES OF AMERICA,  :   CRIMINAL NO.:

 4           Plaintiff,          :   JFM-10-798

 5      vs.                      :

 6   ANTONIO B. MARTINEZ,        :   Baltimore, Maryland

 7           Defendant.          :   January 26th, 2013

 8
                *   *   *   *   *   *   *   *   *   *   *
 9
          The above-entitled case came on for re-arraignment before
10
     the Honorable J. Frederick Motz, United States District Judge.
11
                *   *   *   *   *   *   *   *   *   *   *
12

13                     A P P E A R A N C E S

14

15   For the Government:

16       Christine Manuelian, AUSA

17       Jefferson M. Gray, AUSA

18   For the Defendant:

19       Joseph A. Balter, AFPD

20       Julie L.B. Johnson, AFPD

21

22   Also Present:  Eleanor Urban, U.S. Probation

23

24   Christine T. Asif, RPR, CRR

25   Official Court Reporter
```

```
 1              P R O C E E D I N G S
 2         THE COURT:  Good morning.
 3         MS. MANUELIAN:  Your Honor, we're here for
 4  re-arraignment proceeding in United States versus Antonio
 5  Benjamin Martinez, Criminal Number JFM-10-0798.
 6         THE COURT:  Mr. Balter?
 7         MR. BALTER:  Good morning Your Honor Joseph Balter
 8  for Mr. Martinez, along with co-counsel Julie Johnson.
 9         THE COURT:  Martina.
10         THE CLERK:  Mr. Martinez, good morning, sir.  Please
11  stand and raise your right hand.
12         (Defendant sworn)
13         THE DEFENDANT:  Yeah.
14         THE CLERK:  Thank you.  You may put your hand down.
15  Please state your full name for the record.
16         THE DEFENDANT:  Antonio Benjamin Martinez.
17         THE CLERK:  What is your age?
18         THE DEFENDANT:  22.
19         THE CLERK:  And just the year you were born?
20         THE DEFENDANT:  1989.
21         THE CLERK:  1989.  Mr. Martinez, on January 7th, 2011
22  you appeared before the Court at that time, you were arraigned,
23  you entered a plea at that time of not guilty as to Counts 1
24  and 2 of the indictment charged against you.  Do you wish to
25  change your plea as to count 2 at this time?
```

```
 1              THE DEFENDANT:  Yes.
 2              THE CLERK:  How do you wish to plead as to Count 2?
 3              THE DEFENDANT:  Guilty.
 4              THE CLERK:  The plea is guilty as to Count 2 and not
 5   guilty as to Count 1; is that correct?
 6              THE DEFENDANT:  Yes.
 7              THE CLERK:  Thank you.  You may be seated.  Pull your
 8   chair all the way up to the table.  Counsel, if you would bring
 9   the microphone down to his face.  Thank you very much.
10              THE COURT:  Mr. Martinez, before I accept your guilty
11   plea, I need to be satisfied of certain things so I'm going to
12   ask you some questions.  If you do not understand any of my
13   questions please let me know, all right?
14              THE DEFENDANT:  Yes.
15              THE COURT:  And please feel free if you have any
16   questions for Mr. Balter or Ms. Johnson at all, this not for
17   the form of it, this is an important proceeding, so ask them.
18        Now, my first question is, do you understand that you're
19   under oath, so that if you knowingly were to give a false
20   answer to any question you could be prosecuted for perjury?
21              THE DEFENDANT:  I understand.
22              THE COURT:  In the last 24 hours have you taken any
23   drugs or have you consumed any alcohol?
24              THE DEFENDANT:  No.
25              THE COURT:  How far have you gone in school?
```

1       THE DEFENDANT:  10th grade.
2       THE COURT:  And are you satisfy with the services
3  that your counsel has given to you in this case?
4       THE DEFENDANT:  Yeah.
5       THE COURT:  Now, you are charged in Count 2 to which
6  you're pleading guilty with attempted use of a weapon of mass
7  destruction.  Do you understand that in order for you to be
8  convicted of that offense the government would have to prove
9  that here in Maryland, on or about December 8, 2010, you
10 knowingly and intentionally and willfully attempted, without
11 lawful authority, to use a weapon of mass destruction as
12 defined by federal law to include a readily convertible
13 explosive bomb -- which includes a readily convertible
14 explosive bomb, against property within the United States, used
15 by the United States, or by a department or agency of the
16 United States.  Do you understand that's what the government
17 would have to prove?
18      THE DEFENDANT:  Yes.
19      THE COURT:  Do you understand that the Maximum
20 penalty to which you're subject under the applicable statute is
21 life imprisonment, a term of what is called supervised release,
22 which I'll explain in a few minutes, of five years, a fine of
23 $250,000, then $100 special assessment.  And also under the
24 law, under the statute, there could be an order of restitution.
25 But I assume restitution's not an issue in this case; is that

1  correct?
2          MS. MANUELIAN:  Correct, Your Honor.
3          THE COURT:  Do you understand that maximum penalty
4  you're facing?
5          THE DEFENDANT:  Yes.
6          THE COURT:  And the $100 special assessment is
7  relatively trivial, but do you understand that's also a
8  minimum, you have to pay that, do you understand that?
9          THE DEFENDANT:  Yes.
10         THE COURT:  And I did mention the phrase supervised
11 release a moment ago, do you understand that that's a period of
12 years to follow whatever prison sentence is imposed upon you,
13 and while you're on supervised release you have to behave
14 yourself and obey the law.  And if you do not, you could be put
15 back in prison for the full term of your supervised release
16 without being given credit for the time that you had been out,
17 do you understand that?
18         THE DEFENDANT:  Yes.
19         THE COURT:  Now, I'll go to the plea agreement in a
20 moment in which you and the government essentially agree that
21 the sentence that should be imposed in this case is 25 years.
22 And I either have to impose that sentence or let either of you
23 withdraw from it.  But let me ask you a couple questions.  In
24 calculating that, I'm sure the sentencing guidelines were taken
25 into account.

```
 1         Now, do you understand that here in federal court there
 2   are applicable what are known as sentencing guidelines, do you
 3   understand that?
 4              (Defendant conferring with counsel.)
 5              THE COURT:  Do you understand that?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Do you understand that the guideline that
 8   applies in a particular case depends upon a whole bunch of
 9   things, such as the nature of the offense and whatever criminal
10   record you may have, do you understand that?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Do you understand that although the
13   guidelines are not binding, that is judging do not have to
14   follow them, the law is also clear that judges should take the
15   guidelines into account, and I would say take them into account
16   seriously, in determining the sentence to impose, do you
17   understand that?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Now, I'm going to go over the plea
20   agreement in some detail in a moment, but there is a provision
21   in the plea agreement entitled "Waiver of Appeal."  I'll go
22   over that in more detail in a moment.  But do you understand
23   that if it were not -- in that waiver you and the government
24   essentially agree to waive your rights to appeal if I impose
25   the agreed upon sentence of 25 years.  Now, do you understand
```

```
 1   if it were not for that waiver, if you or the government
 2   disagreed in any way with the sentence I impose, then either of
 3   you could appeal my sentence, do you understand that?
 4           THE DEFENDANT:  Yes.
 5           THE COURT:  Now, let me go over with you, as I know
 6   your excellent counsel have done, the rights that you're giving
 7   up by pleading guilty.  Do you understand that you have a right
 8   to continue to plead not guilty.  You certainly have no
 9   obligation to plead guilty, do you understand that?
10           THE DEFENDANT:  Yes.
11           THE COURT:  Do you understand that you have a right
12   to a trial by jury?
13           THE DEFENDANT:  Yes.
14           THE COURT:  And do you understand that if you wanted
15   to waive your right to a trial by jury and the government was
16   willing to waive its right to a trial by jury, you could
17   instead be tried by a United States district judge?
18           THE DEFENDANT:  Yes.
19           THE COURT:  Do you understand that any trial you
20   would have the right to be represented by a lawyer, do you
21   understand that?
22           THE DEFENDANT:  Say that again?
23           THE COURT:  Do you understand that during a trial you
24   would have the right to be represented by a lawyer, do you
25   understand that?
```

```
 1              THE DEFENDANT:  Yeah.
 2              THE COURT:  And do you understand that -- and I
 3   appreciate that, if you don't understand something please ask
 4   me about it, or Mr. Balter or Ms. Johnson.  Do you understand
 5   if you could not afford to pay a lawyer, one would be appointed
 6   to represent you at the government's expense?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Do you understand that you would be
 9   presumed to be innocent, and the burden would be on the
10   government to prove your guilt beyond a reasonable doubt?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Do you understand that you would have the
13   right to cross-examine, that is to ask questions of everyone
14   who testified against you?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Do you understand that you would have the
17   right to compel people to come in and testify for you by having
18   what are called subpoenas issued to them?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Do you understand that if you wanted to,
21   you could take the witness stand yourself and testify in your
22   own defense?
23              THE DEFENDANT:  Yes.
24              THE COURT:  And you understand if, on the other hand,
25   you do not want to testify, nobody could force you or compel
```

1   you to take the stand?
2           THE DEFENDANT: Yes.
3           THE COURT: And do you understand that if you did not
4   want to testify for any reason, nobody could draw what the law
5   calls to be an adverse inference from that fact. And what that
6   means, as you know, in plain English, nobody could think
7   anything bad about you or anything bad about your case, or
8   specifically that you were guilty because you decided not to
9   testify, do you understand that?
10          THE DEFENDANT: Yes.
11          THE COURT: Do you understand that if you were tried
12  by a jury, in order for you to be convicted all of the jurors
13  would have to agree that you were guilty?
14          THE DEFENDANT: Yes.
15          THE COURT: And you understand that by pleading
16  guilty you're giving up each and every one of those rights?
17          THE DEFENDANT: Yes.
18          THE COURT: And you also understand that you're
19  giving up any rights that you have to challenge in any way any
20  alleged irregularity or illegality in the investigation of the
21  prosecution, do you understand that?
22          (Defendant conferring with counsel.)
23          THE COURT: Do you understand that?
24          THE DEFENDANT: Yeah.
25          THE COURT: And you, in fact, have filed various

```
 1    motions, and we had a hearing on some motions, you're waiving
 2    your right to pursue those motions, do you understand that?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  And you also may have contemplated filing
 5    a or having a defense of entrapment in this case, do you
 6    understand you're waiving your defense of entrapment by
 7    pleading guilty, do you understand that?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  Now, to turn to another subject, let me
10    ask you if anybody has used any force or made any threats
11    against you to get you to enter the plea?
12              THE DEFENDANT:  No.
13              THE COURT:  Now, I have in front of me a letter dated
14    January 24, 2012 to Mr. Balter from Ms. Manuelian, did you read
15    and sign the plea letter?
16              THE DEFENDANT:  Yes, I did.
17              THE COURT:  And above your signature it says, "I have
18    read this agreement, including the sealed supplement, and
19    carefully reviewed every part of it with my attorney.  I
20    understand it and I voluntarily agree to it.  Specifically, I
21    have reviewed the factual and advisory guidelines stipulation
22    with my attorney, and I do not wish to change any part of it.
23    I am completely satisfied with the representation of my
24    attorney"; is that all true?
25              THE DEFENDANT:  Yeah.
```

1            THE COURT:  Now, I commend you because this is a --
2   certainly not suggesting there was anything improper in your
3   taking the time because it was -- you should have thought it
4   over.  I know that you wanted some extra time to think about
5   whether to enter into the plea agreement.  You do want to plead
6   guilty today; is that correct?
7            THE DEFENDANT:  Yes.
8            THE COURT:  Let me go over what I understand the
9   primary terms of the plea agreement to be.  No. 1, you agree to
10  plead guilty to the offense you're pleading guilty to today.
11  You and the government then agree upon the facts that are to
12  govern both your guilty plea and your sentencing, and the
13  advisory guidelines stipulation that are to be taken into
14  account at the time of sentencing.  And as I said before, you
15  and the government essentially -- well, not essentially, you do
16  agree as to what the appropriate sentence is in this case,
17  which is 25 years imprisonment.  And it's up to me to determine
18  whatever supervised release to impose.
19     Now, do you understand that I am actually not bound by
20  your agreement with the government.  Indeed, I am duty bound to
21  sentence you according to the facts as I find them to be
22  independently, and to exercise my own discretion as to whether
23  the agreed upon sentence is appropriate, do you understand
24  that?
25           THE DEFENDANT:  Yes.

1    THE COURT:  Now, we'll go over the facts in a moment,
2 I know they're rather lengthy, and you have signed the
3 stipulation, but facts sort of turn into numbers under the
4 sentencing guidelines.  So let me go over those briefly.
5 What's called the base offense level is a 42 because the
6 offense was committed with the intent to injure the United
7 States.
8    And it is enhanced up to a 43, a Criminal History Category
9 is VI, because the offense involved, or was intended to promote
10 a federal crime of terrorism, as that term is defined under
11 federal law, because it was calculated to influence or affect
12 the conduct of government by intimidation or coercion, or to
13 retaliate against government conduct.
14    So do you understand that the guidelines here are a --
15 well, it's a offense level 43 and a Criminal History Category
16 VI, do you understand that?
17    THE DEFENDANT:  Now, yeah.  Yes, I do.
18    THE COURT:  You understand.  But the government
19 agrees it will not oppose a two-level reduction because of your
20 timely acceptance of responsibility, and provided that you
21 continue to accept responsibility between now and the time of
22 sentencing will move for another one level decrease.  Another
23 provision which I've mentioned a couple times, essentially you
24 and the government agree the sentence should be 25 years.  And
25 I either have to impose that or give either of you the

```
 1  opportunity to withdraw from the plea agreement, do you
 2  understand that?  Sure.
 3          (Defendant conferring with counsel.)
 4          THE COURT:  Do you understand?
 5          THE DEFENDANT:  Yes.
 6          THE COURT:  Any questions, just say that.  Fine.
 7  Essentially, I have to impose the 25-year prison sentence or
 8  you -- or give you or the government the opportunity to
 9  withdraw from the plea agreement.
10      I mentioned before the waiver of appeal.  You, of course,
11  waive any right you have to appeal your conviction.  You and
12  the government also waive your rights to appeal the sentence I
13  impose, provided that I impose the agreed upon sentence of 25
14  years.
15          (Conference at the bench.  It is the policy of this
16  court that every guilty plea and sentencing proceeding include
17  a bench conference concerning whether the defendant is or is
18  not cooperating.)
19          THE COURT:  And we will now go back on the unsealed
20  portion of the transcript.  And, Counsel, let me ask you if
21  what I stated the plea agreement to be is what you understand
22  it to be?  I have forgotten anything?
23          MS. MANUELIAN:  No, Your Honor.
24          MR. BALTER:  No, Your Honor.
25          THE COURT:  Most importantly, Mr. Martinez, is what I
```

1  stated the plea agreement to be what you understand it to be?
2          THE DEFENDANT:  Yes.
3          THE COURT:  Has anybody promised you anything else to
4  get you to enter the plea?
5          THE DEFENDANT:  No.
6          THE COURT:  Now, there is a lengthy statement of
7  facts appended to the plea agreement.  Normally, I would have
8  the government read it, but it is really quite long.  And I've
9  reviewed it.  And it sort of would be just the form of it.  It
10 appears from the plea agreement that you read and stipulated to
11 the statement of facts that are attached to the plea agreement;
12 is that correct?
13         THE DEFENDANT:  Yeah.
14         THE COURT:  And did you review it very carefully with
15 your lawyer before you signed it?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Before you signed it?  Well, I'll
18 dispense with the reading of it then, because I find that --
19 well, let me ask you very simply, did you do the things that
20 are set forth in the stipulation that are set forth in the
21 attachment.
22         THE DEFENDANT:  Yes.
23         THE COURT:  Well, I find that the stipulation would
24 establish your guilt beyond a reasonable doubt, and you just
25 honestly admitted to me engaging in the conduct that would make

1  you guilty.  I also find that you're competent to enter the
2  plea.  That you understand the charge and the penalties to
3  which you're subject.  That you understand the rights that
4  you're giving up by pleading guilty and are doing so freely and
5  voluntarily.  And that you are freely and voluntarily entering
6  into a guilty plea fully understanding the plea agreement.
7       Counsel, before I decide whether to accept the plea, do
8  any of you know of anything else I should take up with Mr.
9  Martinez?
10           MS. MANUELIAN:  No, Your Honor, not from the
11 government.
12           MR. BALTER:  No, Your Honor, not for the defense.
13           THE COURT:  Mr. Martinez, do you have any questions
14 at all?
15           THE DEFENDANT:  No.
16           THE COURT:  I'll accept the plea of guilty and we'll
17 set a sentencing date.
18           THE CLERK:  April 6th.
19           THE COURT:  You all are available, I'm sure Martina
20 has reviewed it, April 6th at 9:00 o'clock?
21           MS. MANUELIAN:  Yes, Your Honor.
22           THE COURT:  Thank you very much.
23           (The proceedings were concluded.)
24
25

1   I, Christine Asif, RPR, CRR, do hereby certify that the
foregoing is a correct transcript from the stenographic record
2   of proceedings in the above-entitled matter.

3                    _____/s/_____
                         Christine T. Asif
4                       Official Court Reporter

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25