IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| v. | * | **Crim. Case No.:  SAG-10-0798** |
| | * | |
| **ANTONIO BENJAMIN MARTINEZ,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In 2012, Antonio Benjamin Martinez pled guilty to attempted use of a weapon of mass destruction, in connection with an attempt to detonate a bomb at an armed forces recruiting center in Baltimore, Maryland. In accordance with the terms of his negotiated plea agreement, on April 6, 2012, United States District Judge J. Frederick Motz imposed a sentence of 300 months of incarceration, to be followed by a period of five (5) years of supervised release. ECF 89. On January 22, 2021, Martinez filed a pro se Motion for Compassionate Release. ECF 113. This Court invited supplemental medical documentation, and Martinez filed a supplemental letter. ECF 117. The Government has filed a response in opposition. ECF 119. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Martinez's Motion will be denied.

### I.     LEGAL STANDARDS

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary

and compelling reasons." § 603(b)(1).  Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied:  (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.  *Id.*  Once a motion is for compassionate release is properly filed, the Court follows a three-step inquiry: (1) determining whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; (2) considering whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; and (3) ensuring that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

## II.   ANALYSIS

It appears that Martinez adequately exhausted his administrative remedies.  *See* ECF 115-1.  Even assuming that this gatekeeping requirement has been satisfied, Martinez's Motion fails to establish any "extraordinary and compelling reason[]" warranting compassionate release.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t) (2018).  In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP.  *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)–(D)

(U.S. SENTENCING COMM'N 2018) [hereinafter "U.S.S.G."].  This Court has authority to consider any "extraordinary and compelling reason" a defendant might raise, regardless of the BOP's definitions.  *See United States v. McCoy,* 981 F.3d 271, 284 (4th Cir. 2020).

Here, Martinez argues that his relatively young age at the time of commission of his offense, twenty-one years and two months, constitutes an "extraordinary and compelling reason[]" permitting further consideration of his release under the First Step Act.  ECF 113. He cites to no authority, however, establishing that youthful age alone can constitute an extraordinary and compelling reason.   Certainly, some courts have found an "extraordinary and compelling" reason to exist where a defendant, who may have been young at the time he committed the underlying offense, would receive a much lower sentence for the same conduct if sentenced today due to changes in the law.  *See, e.g., McCoy,* 981 F.3d at 286 (affirming the lower court's consideration of the defendant's age at the time of commission of the offense along with the legal disparity between individuals sentenced before and after the elimination of the "stacking" provision in 18 U.S.C. § 924(c), along with an impressive record of rehabilitation in federal prison); *United States v. Decator,* 452 F.Supp.3d 320, 326 (D. Md. 2020) (noting that "most of Decator's lengthy sentence resulted from the now-eliminated practice of "stacking" 924(c) sentences").  Martinez's case lacks that important element.  Because of the seriousness of his attempted terroristic attack using a weapon of mass destruction at a government facility, he was subject to an advisory guideline range of 360 months to life in prison.  His negotiated sentence of 300 months, then, represented a significant downward variance from the advisory guidelines sentence, and would be the same sentence imposed for a like offense today, because the guidelines for that conduct have not changed.

Similarly, Martinez's citation to *Miller v. Alabama,* 567 U.S. 460 (2012), which held that life sentences for individuals under eighteen at the time of the commission of the underlying offenses are unconstitutional, is inapposite.  Martinez has not received a life sentence, but a variant sentence of 300 months' imprisonment for an extremely dangerous offense.

This Court acknowledges, and does not discount, the exhibits Martinez attached to his motion, which document his efforts at self-improvement during his time in the BOP. ECF 113-1.  He has obtained his GED and has completed a large number of educational courses.  Moreover, he attached letters evidencing a great deal of support from his family and friends, which will serve him well upon his reentry into the community.  While this Court commends Martinez on his rehabilitative efforts and encourages him to continue on his present path, the law expressly provides that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Because Martinez has failed to provide an extraordinary and compelling reason for compassionate release, the Court need not address the relevant § 3553(a) sentencing factors.  The Court observes, however, that given the seriousness of the offense of conviction, it is unlikely that a reduced sentence would adequately protect the public or comport with the policy goals of Congress and the Sentencing Commission.  Martinez's Motion, ECF 113, will therefore be denied by separate order.

       /s/
Stephanie A. Gallagher
United States District Judge