TRULINCS 52856037 - MARTINEZ, ANTONIO BENJAMIN - Unit: WIL-A-B

---

FROM: 52856037
TO:
SUBJECT: Motion Sentence Reduction- Part I
DATE: 03/02/2025 06:37:28 PM

Case No. SAG-10-0798

```
_____FILED      _____ENTERED
_____LOGGED  ✓  _____RECEIVED

        MAR 1 8 2025

         AT BALTIMORE
    CLERK, U.S. DISTRICT COURT
      DISTRICT OF MARYLAND
BY                      DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

United States Of America,

Plaintiff,

v.                              CASE No. SAG-10-0798

Antonio Benjamin Martinez,

Defendant.
_____/

MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582(C)(1)(A)

Antonio Benjamin Martinez ("Martinez"), prose, respectfully submits this Motion for Sentence Reduction pursuant to 18 USC 3582(C)(1)(A). Martinez offers the following.

A- FACTUAL BACKGROUND:

In 2012, Antonio Martinez pled guilty to attempted use of a weapon of mass destruction, in connection with his attempt to detonate a bomb at an armed forces recruiting center in Baltimore, Maryland. In accordance with the terms of his negotiated plea agreement, on April 6, 2012 the district court imposed a sentence of 300 months of incarceration, to be followed by a period of five (5) years of supervised release. ECF 89. On January 22, 2021, Martinez filed his first prose motion for Compassionate Release. ECF 113, based on his young age at the time he committed the offense. The Court denied his motion on April 13, 2021.

On April 11, 2023, Martinez filed his second prose motion for Compassionate Release. ECF 128. Martinez argued the miscalculation of his advisory sentencing guidelines and miscalculation of his criminal history category, absent intervening changes in the relevant laws or guidelines. The court denied his motion on August 18, 2023.

Martinez files the instant motion as the 2023 U.S. Sentencing Guidelines and Commission Amendment 814 expanded the list of extraordinary and compelling reasons that warrant sentence reductions.

B - EXHAUSTION OF ADMINISTRATIVE REMEDIES:

On 1-30-2025, Martinez petitioned his warden at FCI Williamsburg, South Carolina for sentence reduction under 18 U.S.C. 3582(C)(1)(A). Martinez's petition raised the following grounds based on the changes in the

TRULINCS 52856037 - MARTINEZ, ANTONIO BENJAMIN - Unit: WIL-A-B

---

2023 U.S. Sentencing Guidelines that expanded the list of extraordinary and compelling reasons that warrant sentence reductions. In particular, U.S.S.G. 1B1.13 (b)(6) as detailed below (Exhibit A).

More than 30 days has passed and his request to the BOP has not been granted. Accordingly, Martinez has exhausted his administrative remedies. Thus, Martinez filed this motion with the Court seeking sentence reduction as this Court has jurisdiction under 18 U.S.C. 3582(C)(1)(A).

LEGAL FRAMEWORK

C - GROUNDS FOR EXTRAORDINARY AND COMPELLING REASONS FOR SENTENCE REDUCTION:

A petitioner's sentence presents an extraordinary and compelling basis for relief if they would "likely receive a lower sentence than the one [they are] currently serving" were they sentenced today. United States v. Elzey, No. 09-cr-0288, 2022 U.S. Dist. LEXIS 19515, 2022 WL 316717, at *2 (D.Md. Feb. 2, 2022)(quoting United States v. Decator, 452 F. Supp. 3d 320, 324 (D. Md. 2020), aff'd Sub. nom. United States v. McCoy, 981 F. 3d 271, at 86 (4th Cir. 2020).

The 2023 U.S. Sentencing Guidelines Commission has expanded the list of extraordinary and compelling reasons that warrant sentence reductions to U.S.S.G. 1B1.13(b)(6), as Martinez has an unusually long sentence had he been sentenced today, he has served more than 10 years in prison (Exhibit B), with the intervening case law of defendants with similar convictions who received a reduced sentence as detailed below.

First, were Martinez sentenced today, the court would have discretion to impose a sentence of 20 years taking into consideration the similar case law published since after Martinez's sentencing (see below). Although Martinez's PSR applied U.S.S.G. 3A 1.4(b) because Martinez's offense of conviction is terrorism that automatically increased his criminal history category to VI, with 30 years to Life Sentencing Guideline range, the Supreme Court held in United States v. Booker, 543 U.S. 220 (2005) that the Guidelines provide advisory - not mandatory - sentencing ranges for a court to consider. Ultimately, though, Martinez received a five-year downward variance from the resulting advisory guideline range, as a result of the favorable plea his counsel negotiated with the Government, the need for a lengthy prison sentence diminishes after the defendant has served a portion of it when the circumstances have changed, finding the defendant's release would serve his 3553(a)'s purposes.

Second, USSG 1B1.13(b)(6) permits the application of non-retroactive changes in the Law. Here, changes in Law can involve statutory Law, Supreme Court Certiorari law or Case law within the Fourth Circuit. Courts in the Fourth Circuit and outside the Fourth Circuit have determined that a sentence in the Twenty-year

TRULINCS 52856037 - MARTINEZ, ANTONIO BENJAMIN - Unit: WIL-A-B

---

range comports with similar case law precedents even as Martinez would continue to face a Guideline sentence of 30 years to Life imprisonment. A sentence in the Twenty year range represents a "gross disparity" with the twenty-five year sentence that Martinez is currently serving. McCoy, 981 F.3d at 285. Accordingly, the disparity between Martinez's sentence and the sentence he would face, with the intervening case law taken collectively in the context of his particular circumstances with similar relevant conduct, creates extraordinary and compelling circumstances that may warrant a reduced sentence to 20 years. United States v. Abdin, 801 Fed. appx. 893 (4th Cir. 2020). Abdin pled guilty to a one-count indictment that arose from a series of online communications with undercover FBI employees, at age 18. Abdin expressed interest to join ISIS, had purchased and sold guns with videos of him at a shooting range. He was arrested at the airport after checking in for his flight to Jordan. Because of the terrorism enhancement, Abdin's guideline range was 360 months to life due to an increased criminal history category of VI as in the instant case. The Court sentenced Abdin to 240 months. As in "Abdin", Martinez avers that his young age at the time he committed the offense, and sentences in cases where the conduct was very similar warrant sentence reduction. See e.g., United States v. Ahmed at al., No. 15-cr-00049-MJD-HB (D. Minn. filed Feb. 9, 2015)(multi-defendant case where several young defendants who were convicted of terrorism received much less severe sentences than Martinez. For example, lead defendant Hamza Ahmed was charged in a multi-count second superseding indictment with offenses including conspiracy to commit murder outside the United States and two violations of 18 U.S.C. 2339B(a), where his actions included attempting to leave the country to join a terrorist group (ISIL). Ahmed, No. 15-cr-00049-MJD-HB at ECF No. 292 (D. Minn. filed Oct. 21, 2015). Ahmed pled guilty to one count of 2339B and a financial aid fraud count, receiving a sentence of 120 months for the terrorism count and a concurrent 60 months for the other count, with a 20-year term of supervised release. Id. at ECF Nos. 475, 779 (filed Apr. 25, 2016 and Nov. 30, 2016, respectively).

Similarly, defendant Zacharia Abdurrahman pled guilty to one count of terrorism conspiracy after purchasing a plane ticket to join ISIL. Ahmed, No. 15-cr-00049-MJD-HB at ECF No. 280 (D. Minn. filed Sept. 17, 2015) Abdurrahman filed a motion for downward departure, based in part on USSG 5H1.1. Id., Motion for Downward Departure (ECF No. 704)(D. Minn. filed Nov. 3, 2016). His guideline range was 262-365 months, according to the government's sentencing memorandum. Id., Government's Memorandum (ECF No. 717) at p. 22-23 of 44 (filed Nov. 3, 2016). The government asked for a 15-year sentence, the statutory maximum, and a life term of supervised release. Id. at p. 31 of 44. The government outlined what it considered Abdurrahman's extremely

3

TRULINCS 52856037 - MARTINEZ, ANTONIO BENJAMIN - Unit: WIL-A-B

----

disturbing behavior, including violent pictures that Abdurrahman admired, Id. at pp. 1-44. The government specifically pointed out in its memo Abdurrahman's fascination with a violent video showing ISIL's slaughter of Shi'a military recruits. Id. at p. 5 of 44. The Court sentenced 21-year old Abdurrahman to 120 months for Terrorism Count. Id., Judgment (ECF No. 787)(D. Minn. filed Nov. 30, 2016).

   To prevent unwarranted sentencing disparities for similar conduct of terrorism cases, Martinez points out United States v. Muhtorov, 329 F. Supp. 3d 1289, 1302 (D. Colo. 2018), where the district judge focused on the individual, resisting the urge "to buy into the notion that 'a terrorist is a terrorist' " when sentencing the defendant. (citation omitted). The Court thoroughly reviewed the 3553(a) factors and how they specifically applied to Muhtorov. Muhtorov, 329 F. Supp. 3d at 1304-06. The Court noted: "without adequate services and rehabilitation programs in prison, further radicalization is a concern with longer terms of imprisonment." Id. at 1305. Ultimately, based on the motion for variance, the defendant received 132-month sentence for one count of violating the terrorism charges, with the 96 month sentences for two more convictions of the same statute to run concurrently, and supervised release for 15 years. Id. at 1311; see also United States v. Van Haften, 881 F.3d 543, 544 (7th Cir. 2018)("After hearing testimony about Van Haften's delusional beliefs and his willingness to reform, the court gave Van Haften a below-guidelines sentence of ten years", even though he expressed a desire to kill Americans, including soldiers, to kill former United States Presidents and to kill American children and wanted to help ISIS enslave Americans).

TRULINCS 52856037 - MARTINEZ, ANTONIO BENJAMIN - Unit: WIL-A-B

---

FROM: 52856037
TO:
SUBJECT: Motion Sentence Reduction - Part II
DATE: 03/02/2025 06:53:49 PM

CASE No. JFM-1-10-CR-00798-00; SAG-10-0798

D - REHABILITATION:

During his 14 years of incarceration, Martinez has dedicated himself to diligent and intense study. He has completed numerous programming classes and maintained steady full-time employment in the BOP. Martinez's diligence to complete FSA programs including the Federal Prisons Industries, Inc. - Unicor and Safety Department programs shows his transformation and will to progress simply because he is rehabilitating though he does not receive FSA time credit. Importantly, Martinez has earned his GED in prison at a time he was completing the "LEAD" programs: LEAD Alchemy of the Soul, LEAD Getting Change Right, LEAD Forgiveness, LEAD Art of Public Speaking. Martinez has also completed the "Roots Of Success" Program that prepares individuals for 100+ jobs and career pathways, reentry, and to improve conditions in their communities: This program supports Reentry and reduces Recidivism.

Martinez attests that the 15 years of his incarceration "have been a blessing" because they transformed [his soul] into the man he is today. Martinez is ready and prepared to join the community as his past is no longer part of him (Exhibit C - Martinez Letter to the Court). Martinez conduct over the past 12 years is telling. He exhibits no evidence of violence whatsoever. Martinez general recidivism score is low (Exhibit D). With his family's support, Martinez has established a support network upon his release. His character has definitely changed. He is not the same person that stood before Judge Motz at the time of his original sentencing. He is turning a new page as he has a job offer upon release.

E - 18 U.S.C. 3553(a) FACTORS;

In assessing Martinez's 3553(a) factors at "original sentencing" that have since changed when compared to the factors "at reduction", Martinez is asking this Court to appropriate his substantial change and redemption and his rehabilitative record collectively with the intervening changes in Law to prevent unwarranted sentencing disparities as stated above as correlative measure to a reduction of sentence. Martinez is not asking for immediate release as he knows his journey has been determined, but light is present at the end of the tunnel. In other words, Martinez is requesting sentence reduction upon the changes of circumstances that the past 15 years have brought to justify a sentence reduction only. Pepper v. United States, 131 S. Ct. 1229, 1241 (2011)("the Court emphasized the vital nature of post-sentence rehabilitation,

Case 1:10-cr-00798-SAG   Document 148   Filed 03/18/25   Page 6 of 8

TRULINCS 52856037 - MARTINEZ, ANTONIO BENJAMIN - Unit: WIL-A-B
--------------------------------------------------------------------------------

stating that "there would seem to be better evidence that a defendant's post-incarceration conduct".). Id.

Martinez is questioning whether incarceration is necessary to "protect the public from further crimes of the defendant in light of the changes stated above". 3553(a)(2), as Martinez is no longer a risk to public safety as his pattern recidivism score is low. Meanwhile, with Martinez's exhaustive use of prison programming, the only thing left "to provide Martinez with needed educational or vocational training is to pursue a vocation as previously noted. 3553(a)(2)(D). Martinez has remarkable support from his family, his mother and sister as substantiated by their support letters to the Court (Exhibit E).

Further, this Court's discretion for "sentence reduction" cannot be limited to the "length of time served" (16 years counting the good time credit in the instant case) simply because the policy statement specifically applies to defendants who have served "at least 10 years or 75 percent" of his or her term of imprisonment, 'whichever is less'. U.S. Sentencing Guidelines Manual 1B1.13 (emphasis added). For reducing Martinez sentence on that basis adequately "promote respect for the law" as Martinez has endured significant punishment for his offenses having now served a sentence of 15 actual years, a significant sentence in and itself Martinez can today demonstrate to the Court that his incremental punishment is relevant to the sentencing goals of deterrence and public safety. 3553(a(2)(A). And the need for a lengthy prison sentence diminishes after the defendant has served a portion of it when the circumstances have changed, finding the defendant's release would serve the 3553(a)'s purposes compatible with the need for adequate deterrence and protection of the public.

Incarceration is not the only "kind[] of sentence available" 3553(a)(3). Non-custodial sentences also curtail "prized liberty interests" and defendant always faces the harsh consequences that await if he violates the conditions" attached to such a sentence. United States v. Gall, 552 U.S. 38 (2007). Such restrictions also promote respect for the law and do not constitute any endorsement of defendant's conduct. see Id.

And while the Sentencing Commission's Guidelines counseled in favor of a long sentence, it is not but one factor. See 3553(a)(4). Under United States v. Booker, 543 U.S. 220 (2005), this Court has discretion to consider a lesser sentence which it did at the original sentencing taking into account Martinez's young age, and can currently consider the 2023 U.S. Sentencing Commission Guidelines. Thus, a sentence reduction is considered as "sufficient", but not greater than necessary". 18 U.S.C. 3553(a)(2)(A).

Martinez is asking this Court to look at the substantial change in circumstances and rehabilitation that the past 15 years have brought about to join the community. Martinez asserts that "if given the opportunity, future accomplishments will help put my past behind me, or proven that chapter of my life does not define

Case 1:10-cr-00798-SAG   Document 148   Filed 03/18/25   Page 7 of 8

TRULINCS 52856037 - MARTINEZ, ANTONIO BENJAMIN - Unit: WIL-A-B
--------------------------------------------------------------------------------

me". Finally, the need to avoid unwarranted sentence disparities among defendants with similar conduct, 3553(a)(6), also cuts in favor of sentence reduction. Martinez's research has disclosed cases that involve conduct analogous to that of Martinez's who were released under 18 U.S.C. 3582(C)(1)(A). In United States v. Amina Farah Ali, 2021 U.S. Dist. LEXIS 73320 (D. MN. Apr. 16, 2021), a jury found defendant guilty of Conspiracy to provide material support to a Foreign Terrorist Organization on October 20, 2011. On May 16, 2013, defendant was sentenced to a total term imprisonment of 240 months on all counts. She was granted compassionate release after she only served 8 years of her sentence. In United States v. Hassoun, 470 F.Supp. 3d 804 (N.D. Ill. July 3, 2020), defendant was convicted of attempted use of a weapon of mass destruction and malicious attempt to destroy or damage a building using an explosive device and was sentenced to 23 years prison term. He was granted compassionate release after serving almost 10 years. See also United States v. Hasanoff, 10-cr-162, 2020 U.S. Dist. 199816 (S.D. N.Y. Oct. 27, 2020)(Conspiracy to provide material support to Al Qaeda plus monetary instruments and personnel. He was sentenced to 216 months and granted early release under 18 USC 3582(C)(1)(A)).

Martinez recognizes that this Court has broad discretion to consider and balance all these factors that his sentence reduction would serve the 3553(a)'s purposes given the amount of time Martinez has already served. Concepcion v. United States, 142 S.Ct. 2389 (2022)(there are no limitations set forth by Congress in a statute or by the Constitution, on this Court's discretion to consider any relevant materials in modifying a defendant's sentence).

Martinez's release plan is solid, he is well received by his family as his character has since changed in light of his transformation and redemption. Martinez is filing his family's letters of support for early release as Martinez is definitely not the same person that stood before the Court at the time of his original sentencing. Thus, his motion to reduce his sentence is all about making for past mistakes, as his sentence reduction does not support his past conduct and Martinez's plan of redemption that continues beyond his release warrants this Court to consider this changed landscape that accomplish the goals of sentencing.

F - CONCLUSION:

Martinez is not requesting an immediate release. He is only asking the Court to exercise its discretion as to whether a sentence reduction is appropriate in light of the intervening changes of circumstances and Law that occurred since after filing his last motion for sentence reduction under 18 U.S.C. 3582(C)(1)(A).

Respectfully Submitted,

TRULINCS 52856037 - MARTINEZ, ANTONIO BENJAMIN - Unit: WIL-A-B

---

Antonio Martinez
# 52856-037
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

*A.M.*   March 10, 2025

## CERTIFICATE OF SERVICE

I, hereby Antonio Martinez, certify that the above vessel is deposited in the Institution's mailroom on the 10th day of March 2025. A copy is mailed to the following individual via U.S. mail.

SERVED U.S. ATTORNEY OFFICE    /S/ *A.M.*
Baltimore, Maryland.